IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 96-30565
Summary Calendar

CLASSIC SYNDICATE, INC.,

Plaintiff-Appellant,

versus

ROBERT E. BETHARD; BETHARD & DAVIS;
BETHARD & BETHARD;
LUCY WILINDA LEDBETTER,

Defendants,

ROBERT E. BETHARD; BETHARD & DAVIS;
BETHARD & BETHARD,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
CA No. 96-2318

March 6, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

    This is an appeal of the district court's order of summary judgment dismissing plaintiff's state

law claim of unjust enrichment. For the following reasons we affirm the judgment below.

BACKGROUND

    Appellant Classic Syndicate, Inc. ("Classic") was sued by Lucy Wilinda Ledbetter in a suit

entitled "Lucy Wilinda Ledbetter, et al. v. Concord General Corp., et al.," docket number 28-038,

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

39th Judicial district, Red River Parish, Louisiana. Judgment was entered in favor of Ms. Ledbetter in the sum of $96,000.00, together with the legal interest thereon. Based on the judgment, Classic deposited $151,433.30 into the court's registry and appealed the judgment. After appeal to the Louisiana Supreme Court, the judgment was reduced to $38,400. Thus, with interest, the total amount owed was $57,156.62. However, Ledbetter withdrew the entire sum of $151,433.30 from the registry, an amount which was $94,276.68 more than was ultimately owed.

Classic filed suit in federal district court against Ms. Ledbetter and her attorneys, Robert E. Bethard, Bethard & Davis, and Bethard & Bethard seeking recovery of the overpayment. However, Ledbetter was never served, and therefore, did not actually become a party in this matter.

The remaining defendants filed a motion for summary judgment alleging that, as non-parties to the original action, they were not subject to suit for restitution of fees received in connection with that judgment. The district court rendered summary judgment dismissing Classic's complaint based upon a finding that there was no genuine issue of material fact concerning the liability of the defendants for the portion of the overpayment received as compensation for legal services.

DISCUSSION

This Court reviews the grant of summary judgment de novo. Guillory v. Domtar Industries, Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). The same summary judgment standard that applies to the district court applies to this Court. Texas Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d 152 (5th Cir. 1990). Summary judgment is warranted when the record, as a whole, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 317, 322 (1986); Thomas v. Harris County, 784 F.2d 648, 651 (5th Cir. 1986). The record is to be viewed in the light most favorable to the

2

party opposing the motion for summary judgment. Daly v. Sprague, 675 F.2d 716 (5th Cir. 1982, cert. denied).

Because this case was brought before the federal court based upon diversity of citizenship, this case is governed by Louisiana law. As noted by the district court, under Louisiana law, one who has voluntarily paid a judgment which is later reversed on devolutive appeal, or who has suffered execution of such a judgment, must file a separate suit to recover the sum paid if restitution is not voluntarily made. See State Dep't of Highway v. Busch, 225 So.2d 208, 214 (La. 1969); Henry Waters Truck and Tractor Co., Inc v. Relan, 277 So.2d 463, 467 (La. App. 1st Cir. 1973). However, the district court also noted that Louisiana Circuit Courts of Appeal disagree on whether the attorney representing the party who was paid a judgment, later reversed on devolutive appeal, is also subject to a suit for restitution for any fees received in connection with the judgment. For example, the Second and Third Circuits have held that attorneys are not subject to such suits. See Great American Indemnity Co. v. Dauzet, 157 So.2d 308 (La. App. 3d Cir. 1963) (an insurer which overpaid a judgment creditor, to the extent the judgment was reduced on appeal, could not follow the payment into the hands of the third parties, including the plaintiff's attorney, provided the party receiving the money payment has disposed of it in good faith at the time of disposal); Louisiana Health Servs. Indemnity Co. v. Cole, 418 So.2d 1357 (La. App. 2d Cir 1982) (it is improper to cast plaintiff's attorney or the attorney's law firm in judgment for restitution since they were not parties of record to the subsequently nullified default judgment).

The Fourth Circuit, however, in New Orleans Public Service v. Vanzant, 580 So.2d 533 (La. App. 4th Cir. 1991) held that a claim of unjust enrichment can be made against third parties such as attorneys in the lawsuit. However, in distinguishing its opinion from the holdings reached

3

in Dauzat and Cole, the Fourth Circuit stated the following: "The cases [Dauzat and Cole] are somewhat different from this case. In those cases, the obligor was released from an obligation that once existed, while in this case the obligation did not exist; overpayment was by error, and there was never any cause, legal or natural." Id. at 535

The district court, adhering to the distinction set forth in Vanzant, found that the considerations relied on by the Fourth Circuit were absent in the instant case. Unlike the obligor in the Vanzant case and similar to the obligor in the Dauzet and Cole cases, Classic was released from an obligation that did once exist. Second, the payment of the judgment in this case was not made payable to Ledbetter individually, or as a joint payee with her attorney, rather it was made voluntarily by Classic directly to the court's registry. Finally, Classic does not allege that the amount paid into the court registry was not due when paid. We, therefore, accept the well-reasoned analysis of the district court and accordingly, we AFFIRM.